UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CYNTHIA O'NEAL, | ) |
| PLAINTIFF, | ) |
| V. | ) CASE NO.: 4:23-CV-99 |
| CROWN WIRELESS CORP., | ) |
| DEFENDANT. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, brings this claim against Defendant Crown Wireless Corp. for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e by sexual harassment and sex discrimination. In support of her Complaint, Plaintiff shows as follows:

**PARTIES**

1. O'Neal is an individual who resides in Tippecanoe County, Indiana.

2. At the times relevant to his Complaint, O'Neal was employed by Defendants.

3. Crown Wireless is a for-profit Alaska corporation with its principal place of business at 18280 Sterling Hwy, Cooper Landing, Alaska, 99572-9723.

4. At the times relevant to O'Neal's Complaint, Crown Wireless employed O'Neal.

**JURISDICTION AND VENUE**

5. This Court properly has jurisdiction over O'Neal's claims in this action pursuant to 28 U.S.C. § 1331 inasmuch as O'Neal is asserting a claim which arises under federal law.

6. This Court is a proper venue for O'Neal claims pursuant to 28 U.S.C. § 1391 inasmuch as Defendant may be found in this district, and because a substantial portion of the events giving rise to O'Neal's claims occurred within this district.

**TITLE VII COVERAGE**

7. O'Neal is an "employee" of Defendants within the meaning of 42 U.S.C. § 2000e(f) inasmuch as she was an individual employed by an employer, not within any exception in subsection f.

8. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) inasmuch as it was a person (within the meaning of 42 U.S.C. §2000e(a)) engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

**FACTUAL ALLEGATIONS**

9. O'Neal began working for Defendants in approximately April 1, 2023.

10. Crown Wireless operates as a Cricket Wireless authorized retailer and presents itself to customers as Cricket Wireless.

11. O'Neal worked at the Crown Wireless location at 2134 Sagamore Parkway S, Lafayette, Indiana, 47905.

12. While employed by Crown Wireless, O'Neal worked under the supervision of the store manager, Gavin Wellman.

13. From the time that she started until well after her separation from Crown Wireless, O'Neal was subjected to extreme, unwelcome, severe and pervasive sexual harassment by Wellman.

14. Wellman repeatedly asked to have sexual relations with O'Neal.

15. O'Neal repeatedly and persistently demanded that Wellman stop his sexual advances toward her.

16. Wellman repeatedly requested, both by verbal requests to O'Neal and by electronic communications, to have sex with O'Neal or to perform oral sex on her.

17. Wellman's behavior was so severe, pervasive, and egregious that O'Neal promptly began looking for a new job.

18. Wellman learned that O'Neal was offered a position in the St. Louis area, and Wellman asked if he could perform oral sex on her before she left.
19. O'Neal reported Wellman's egregiously inappropriate behavior to Crown Wireless' Area Manager, Rodney Hervey.
20. Hervey asked O'Neal if Wellman's behavior made her uncomfortable.
21. O'Neal told Hervey that Wellman's behavior made her uncomfortable.
22. Hervey did not discipline Wellman.
23. Hervey did not take steps to stop the sexual harassment.
24. Hervey did not take steps to provide O'Neal with a work environment that was free from sexual harassment.
25. Instead, Hervey told O'Neal "well, that's Gavin for you…"
26. O'Neal told Hervey that she could not continue working under these conditions.
27. Instead of taking steps to stop the sexual harassment, Hervey continued to leave O'Neal unaided and in a vulnerable position, often alone in the store with Wellman.
28. Rather than continue to work in these conditions with sexual harassment so severe and pervasive, O'Neal resigned her employment.
29. O'Neal resigned because Wellman's conduct made her working conditions so intolerable that a reasonable person in her position would have had to quit.

### COUNT I — DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000E

30. O'Neal was sexually harassed by Wellman.
31. Wellman was O'Neal's supervisor.
32. O'Neal was subjected to persistent, severe, and pervasive sexual advances by Wellman, including requests to have sex with her or to perform oral sex on her.
33. Wellman's conduct was unwelcome.

34. Wellman's conduct was because of O'Neal's sex.

35. Wellman's conduct was sufficiently severe or pervasive that a reasonable person in her position would find it to be hostile or abusive.

36. At the time that the conduct occurred, O'Neal believed that the conduct made her work environment hostile and abusive.

37. Wellman's conduct caused O'Neal's constructive termination.

**PRAYER FOR RELIEF**

Based on the foregoing, Plaintiff demands judgment against Defendants as follows:

a. Her lost wages, including both back pay and front pay;

b. The lost value of the perquisites and benefits attendant to her employment;

c. Compensatory damages;

d. Actual damages;

e. Punitive damages;

f. Her attorney's fees;

g. The costs of this action;

h. Such other relief as this Court determines to be necessary and proper.

/s/ Jason R. Ramsland
Jason Ramsland, #29443-29
Ramsland Law LLC
880 Monon Green Blvd
Suite 101.51
Carmel, IN 46032
765.267.1240
jason@rams.land

Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

/s/ Jason R. Ramsland